UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ESTHER DUVAL,<br>*Trustee of the KI Liquidation Trust* | : | Civil Action No. 08-1757 (PGS) |
| Plaintiffs, | : | **MEMORANDUM**<br>**AND** |
| v. | : | **ORDER** |
| GREENWAY ENTERPRISES, INC. | : | |
| Defendants. | : | |

Defendant comes before this Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Plaintiff's claim is barred by the doctrine of res judicata.

The Plaintiff is a Trustee of the bankrupt estate of Kullman Industries. The Complaint alleges that on September 18, 2002, Kullman entered into a design-build contract with the United States Department of State to construct a new embassy complex in Dushanbe, Tajikistan ("U.S. Contract"). Kullman planned to construct the facilities using its modular building technology. The modules were to be built at Kullman's New Jersey plant and shipped to Tajikistan for erection. In order to erect the embassy, Kullman contacted with Greenway Enterprises to provide on site construction services ("Greenway Contract"). Kullman entered into the Greenway Contract on July 13, 2003 in the amount of $12,305,473. The scope of work was very broad. It included such diverse activities as assembling the modules and providing landscaping services. By the terms of the Greenway Contract, Greenway was obligated to perform in a timely, skillful and efficient manner, insuring compliance with the U.S. Contract specifications and the project schedule. The Complaint alleges that before November 24, 2003, Greenway breached the Greenway Contract in five different ways. Basically, Greenway failed to perform in all categories of its work and it was behind schedule. As

a result, Kullman terminated Greenway from the construction of the embassy.

On October 17, 2005, Kullman filed for reorganization under Chapter 11 of the Bankruptcy Code ("Code") (the "Kullman Bankruptcy"). At some point, a Plan of Liquidation was adopted (Kullman Plan). The Kullman Plan is a comprehensive document which liquidates the assets of Kullman. It provides, inter alia, for payment of administrative and priority claims, classification of claims, acceptance and rejection of the Plan, establishment of a trust, distribution of any proceeds, and the effect of the Confirmation Order upon the Plan. On or about February 28, 2006, Greenway filed a proof of claim in the Kullman bankruptcy asserting an unsecured claim against Kullman in the amount of $1,363,690 for services performed.

On March 6, 2007, the Kullman Plan was confirmed by order of the bankruptcy court (the "Confirmation Order.") The Confirmation Order provided that, among other things, (a) all of Kullman's causes of action that had accrued were transferred to the KI Liquidation Trust ("Trust") and (b) plaintiff was designated the Trustee of the Trust. More specifically, the Kullman Plan sets forth time frames for disputing claims. According to the Kullman Plan, the Trustee was to object to any claim within one year of the date of the Confirmation Order. It states:

> 8.10   **Treatment of Disputed Claims**.  Disputed claims shall be treated as follows under the Plan.
>
> (a)   **Objections to Claims**. Except as otherwise provided by the Bankruptcy Court or in the plan, all objections to Claims shall be brought by the Trustee or the Disbursing Agent and served on the Holders of such Claims on or before the later of (I) one (1) years after the Confirmation Date, (ii) sixty (60) days after a particular Proof of Claim is Filed, except that such Claim shall not be deemed an Allowed Claim until after the sixty (60) day period lapses, and (iii) such additional date as the Bankruptcy Court may fix upon application of the Debtor, provided, however, that no party in interest shall be required to File an objection to any Claim listed in the Schedules as an Unliquidated, Disputed, or Contingent Claim, and for

> which no Proof of Claim was Filed, which Claim shall be barred and disallowed in its entirety.

It is unclear from the record whether the trustee ever objected to the Greenway claim; but on April 9, 2008, about thirteen months after the Confirmation Order was entered, the Trustee filed this action for damages.

## II.

The defendant argues that the law suit is barred due to the doctrine of res judicata. More specifically, Defendant argues that res judicata applies because the Trustee had one year under the terms of the Kullman Plan to object to Greenway claim, and by not objecting within the time period, the Trustees right to dispute the Greenway Claim expired. Defendant contends that this failure to meet the time frame as implemented by the Confirmation Order is tantamount to a judgment on the merits. Defendant summarizes his argument as follows:

> The Confirmation Order required, among other things, that any objections to claims by creditors be filed no later than one year after the date of the Confirmation Order. Prior to the Confirmation Order, Greenway filed a proof of claim in the Kullman Bankruptcy as a result of Kullman's failure to make payments pursuant to the Subcontract and, thus, was a creditor of Kullman. Despite having full knowledge at the time the Confirmation Order was entered that there was a potential claim against Greenway for the alleged breach of the Subcontract, as plead in the current matter, which could have potentially served to reduce the amount of Greenway's Proof of Claim, neither Kullman nor the Plaintiff, objected to Greenway's claim within the time frame set by the Confirmation Order. The Plaintiff is precluded from doing so now.

The Trustee contends other plan provisions militate against a judgment in Defendant's favor. The Trustee emphasizes that the Confirmation Order has no "preclusive effect" on claims by the Trustee. The pertinent provision (Art. 10.01) reads:

> 10.01 **No preclusive Effect**. All Causes of Action and Avoidance Actions of the Debtor and Estate that were not released under the Settlement Agreement are expressly preserved by this Plan, and <u>nothing contained in this Plan</u>, the Confirmation Order, or the Disclosure Statement <u>shall have the effect of barring, releasing, prejudicing, impacting or waiving any of those rights or Claims under the doctrines of res judicata</u>, collateral estoppel, equitable estoppel, judicial estoppel, or any other legal or equitable doctrines of preclusive effect, except to the extent that such claims may be expressly released in this Plan. (Emphasis added).

In confirming the Plan, Bankruptcy Judge Ferguson specifically noted that "[t]he right to pursue Causes of Action by the Trust has been properly and sufficiently reserved in the Plan." The issue here is whether the time frame in Article 8:10 requiring the Trustee to object to Greenway's Claim within one year, viscerates the Trustee's right to bring suit pursuant to article 10.01.

In that light, this motion does not concern res judicata; it is an issue of Plan interpretation as well as of the Confirmation Order. With regard to same, Bankruptcy Judge Ferguson retained broad powers including the following powers:

    (a)    to adjudicate all controversies concerning the classification of, Collateral for, value of, or allowances of any Claims or Interests.

    (b)    To liquidate, allow or disallow any Claims which are disputed, contingent or unliquidated.

    (c)    To determine any and all objections to the allowance of Claims or Interests, or counterclaims to any Claim.

    . . . .

    (g)    To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending, including without limitation, litigation of insurance claims.

    (h)    To consider any modifications of the Plan, remedy any ambiguity, defect or omission or reconcile any inconsistency

    in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Court.

  (I) To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan.

  (j) To consider and act on the compromise and settlement of any Claim or cause of action by or against the Estate.

Clearly, the Bankruptcy Court retained jurisdiction over most disputes, claims and litigation. From a common sense perspective, the Bankruptcy Court is most familiar with the case, and its Order. As a result, it should be given an opportunity to review the order to effectuate the intent of the Confirmation Order. Accordingly, the matter is transferred to the Bankruptcy Court for it to determine whether the Complaint should proceed; and if yes, on what terms and conditions[1].

It is on this 15th day of December, 2008

ORDERED that this matter is transferred to the Bankruptcy Court.

                /s/ Peter G. Sheridan
                PETER G. SHERIDAN, U.S.D.J.

December 15, 2008

---

[1] Plaintiff argues that there is no need to transfer this to Bankruptcy Court, because this matter is not a core proceeding. If that is the case, the Bankruptcy Judge should make such a finding.